IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00401-KDB-DCK

|  |  |
|---|---|
| BRITTNEY MOSELEY,<br><br>    **Plaintiff,**<br><br>    v.<br><br>LATINO COMMUNITY CREDIT UNION,<br><br>    **Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 21), and Plaintiff's Motions for Leave to File Third Amended Complaint (Doc. No. 30) and Summary Judgment (Doc. No. 33). Plaintiff has also filed Motions to Conduct Limited Early Discovery (Doc. No. 16), for Sanctions for Spoliation of Evidence (Doc. No. 27), and Temporary Restraining Order (Doc. No. 28).[1] The Court has carefully considered these motions, and the parties' briefs and exhibits. For the reasons discussed below, the Court will **DENY** Plaintiff's Motions and **GRANT** Defendant's Motion.

## I.     LEGAL STANDARD

Before the Court are a Motion to Dismiss and a Motion for Summary Judgment. When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court

---

[1] For the reasons discussed below, the Court need not and does not reach the merits of these motions.

Case 3:25-cv-00401-KDB-DCK    Document 55    Filed 12/22/25    Page 1 of 8

may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–7 (4th Cir. 2015).

However, a motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). In such circumstances, the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Zavolta v. Henderson*, No. 5:11CV55, 2011 WL 1790492, at *1 (N.D.W. Va. May 10, 2011) This conversion is "governed by principles of substance rather than form." *Id.* (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985)). The critical inquiry is whether the opposing party reasonably should have anticipated the possibility of conversion or instead was unfairly surprised and deprived of a meaningful opportunity to "meet facts outside the pleadings." *Id.* (quoting *G. & A. Books,* 770 F.2d at 295). Pursuant to Rule 12(d), the Court will, with the consent of Plaintiff and non-opposition of Defendant, *see* Doc. Nos. 53–54, convert Defendant's Motion to Dismiss into a Motion for Summary Judgment, to allow it to properly consider Plaintiff's summary judgment facts and the parties' exhibits and affidavits.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land*, 36 F.4th at 252. "A fact is material if it might

affect the outcome of the suit under the governing law." *Id.* (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies its initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land*, 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)).

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, inter alia, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land*, 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the

evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (citation modified). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II.    FACTS AND PROCEDURAL HISTORY

In this action, Plaintiff Brittney Moseley contends that Defendant Latino Community Credit Union ("Latino") violated the Fair Credit Reporting Act ("FCRA") and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") by unlawfully obtaining and accessing her credit report. On April 6, 2025, Moseley electronically signed and submitted an online application for a "Share (Membership) Account" with Latino. Doc. Nos. 33-3 at 1-2; 40-1 at 1–2. She alleges that shortly after submitting her application, Latino accessed her credit report without a permissible purpose under 15 U.S.C. § 1681b(a). Doc. No. 18, Second Amended Complaint ("SAC") ¶ 8. Moseley further contends that Latino acted without her knowledge, consent, or written authorization. *Id.* ¶¶ 6–7. She asserts that as a result, she suffered harm to her creditworthiness, emotional distress, and expended time and resources monitoring her credit. *Id.* ¶ 12.

After sending Latino a "settlement demand" letter—which she alleges was ignored—Moseley initiated this action *Id.* ¶ 11. Following the filing of Moseley's SAC and her motion for early discovery (Doc. No. 16), Latino moved to dismiss Moseley's complaints for failure to state a claim. In response, Moseley filed several additional motions, including for sanctions (Doc. No.

4

27), a temporary restraining order (Doc. No. 28), and for summary judgment (Doc. No. 33). She also moved for leave to file a third amended complaint which reiterates the operative facts and seeks to add allegations that "Defendant fabricated a loan request to justify their unauthorized hard inquiry," assert a new claim for invasion of privacy, and plead additional harms, including denials of credit and physical distress. (Doc. No. 30). The parties' motions have been fully briefed and are now ripe for the Court's review.

## III.  DISCUSSION

Moseley's primary allegation is straightforward: she claims that she never authorized Latino to obtain her credit report in connection with applying for her membership account—or for any other application—and that when Latino obtained her credit report, it did so without a permissible purpose under 15 U.S.C. 1681b(a). SAC ¶ 8. Moseley alleges that absent such a purpose, Latino's conduct constituted willful or negligent violation of the FCRA. *Id.* ¶ 14. She further contends that these facts establish that Latino engaged in conduct amounting to an unfair and deceptive trade practice in violation of the UDTPA. *Id.* ¶¶ 15–16.

The FCRA imposes civil liability on any person or entity that willfully or negligently "fails to comply with any requirement imposed under [the FCRA] with respect to any consumer." 15 U.S.C. §§ 1681n–1681o. This includes obtaining a consumer credit report without a permissible statutory purpose.[2] *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) ("The FCRA creates a private right of action against credit reporting agencies for the negligent,

---

[2]  § 1681b(a) defines the "permissible purposes" for which a consumer report may be obtained. Relevant here, a report may be furnished: (a)(2) with the consumer's written instruction; (a)(3)(A) in connection with a credit transaction involving the consumer and involving the extension of credit or the review or collection of the consumer's account; (a)(3)(E) where there is a legitimate business in connection with a transaction initiated by the consumer; and (a)(3)(F) for account review or collection, including to determine whether the consumer continues to meet the terms of the account. 15 U.S.C. § 1681b(a).

see 15 U.S.C. § 1681o, or willful, *see id*. § 1681n, violation of any duty imposed under the statute."). To state a claim under § 1681b, a plaintiff must allege facts showing: (1) the existence of a consumer report, (2) that the defendant obtained or used it, (3) that the defendant did so without a permissible statutory purpose, and (4) that the defendant acted with the requisite culpable mental state. *King v. Equable Ascent Fin.*, LLC, 1:12-CV- 443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013) (citations omitted).

It is undisputed that a consumer report on Moseley existed, and that Latino obtained it. *See* Doc. Nos. 18 at 2; 33 at 1–2. Moseley argues that "allegations of unauthorized access, when coupled with denial of authorization, are sufficient to state an FCRA claim," citing *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 673–74 (9th Cir. 2010). Even assuming Moseley's interpretation of *Pintos* is correct, which this Court need not decide, the record demonstrates Latino's access was authorized; that is, Moseley expressly consented to a credit check in connection with her membership application. *See* Doc. No. 33-3 (membership application disclosure, just above Moseley's electronic signature, stating "[b]y signing my name, … I authorize the Credit Union to verify my identity, address, and other information that I have provided in this application and obtain if necessary a current credit report, or to make any credit investigations necessary to verify these statements.").

Latino's 2024 "Account Rules and Regulations" further provide that "[w]hen you open, change, or access your accounts with LCCU, you consent to the terms of this Agreement …" Doc. No. 40-2 at 2. Page two of that agreement specifies that to be eligible for membership, "[y]ou authorize us to check your account, credit, and employment history and obtain a credit report from third parties, including credit reporting agencies, to verify your eligibility for the accounts,

6

products, and services you request and for other accounts, products, or services we may offer you or for which you may qualify." *Id.* at 3.

Taken together, these documents establish that Latino had a permissible purpose under § 1681b(a) when it obtained Moseley's credit report. And, because no material facts are in dispute, Moseley's FCRA claim fails as a matter of law. For the same reasons, Moseley's UDTPA claim likewise fails; it is not an unfair or deceptive action to obtain a credit report in connection with an application to open a financial account with the consent of the consumer. Accordingly, the Court will grant Latino's Motion to Dismiss, which has been converted into a Motion for Summary Judgment and deny Moseley's Motion for Summary Judgment.

Further, the Court will deny Moseley's Motion for Leave to File Third Amended Complaint. Rule 15 of the Federal Rules of Civil Procedure provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although such motions are liberally granted, a district court may deny leave if amending the complaint would be futile— that is, "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006)) (additional citation omitted). Because Moseley, for the reasons set forth above, would be entitled to no relief under any set of facts that could be alleged in support of her claims, the Court concludes that granting leave to amend would be futile.

# IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Defendant's Motion to Dismiss (Doc. No. 21) is **GRANTED**;

2.  Plaintiff's Motions for Leave to File Third Amended Complaint (Doc. No. 30), and Summary Judgment (Doc. No. 33) are **DENIED**;

3.  Plaintiffs Motions to Conduct Limited Early Discovery (Doc. No. 16), for Sanctions for Spoliation of Evidence (Doc. No. 27), and Temporary Restraining Order (Doc. No. 28) are **DENIED** as moot; and

4.  The Clerk is directed to close this matter in accordance with this Order.

   **SO ORDERED ADJUDGED AND DECREED**.
Signed: December 22, 2025

Kenneth D. Bell
United States District Judge